UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | |
| v. | : | No. 22-cr-114 (TJK) |
| | : | |
| JONATHAN BROWN | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM
IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant Jonathan Brown (hereinafter "the defendant") be detained pending trial pursuant to 18 U.S.C. §§ 3142(d)(1)(A)(iii) (on Supervised Release in 2016-CF3-008250); (f)(1)(E) (offense involving a firearm); and (f)(2)(A) (serious risk of flight). The government respectfully requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I. Introduction**

The defendant is charged by indictment with one count of Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code § 4503(a)(1), (b)(1); Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a); Possession of a Large Capacity Ammunition Feeding

1

Device, in violation of 7 D.C. Code § 2506.01(b); Fleeing a Law Enforcement Officer, in violation of 50 D.C. Code § 2201.05b(b)(2); and Reckless Driving, in violation of 50 D.C. Code § 2201.04. Based on the defendant's conduct and characteristics, the government respectfully requests that the Court hold the defendant without bond pending trial to ensure the safety of the community.

## II.  Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Further, the government may proceed by way of proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device, and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

There are four factors that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  *See* 18 U.S.C. § 3142(g).  The facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

2

#### A.  **Nature and Circumstances of the Offenses Charged**

The lead offenses with which the defendant has been charged—unlawfully possessing a firearm and ammunition—are often termed "possessory". Yet this label belies the seriousness of those offenses generally and the defendant's conduct in this particular case.

On Tuesday, March 22, 2022, at approximately 3:00 p.m., a shooting occurred at 11th St. and Rhode Island Ave., NW, in Washington, DC. The victim, who had been a passenger in a vehicle at the time he was shot, suffered two gunshot wounds to his right shoulder. Police recovered surveillance footage of the shooting that showed the vehicle the victim was in stopped at the intersection of 11th and Rhode Island. A black Audi sedan pulled alongside that vehicle and fired at the victim. The Audi then fled the scene, while the victim's vehicle went to the hospital. At the scene of the shooting, four Norma 9mm Luger cartridge casings were recovered.[1]

There were two individuals on GPS monitoring (neither of whom is the defendant) who were near the location of the shooting at the time it occurred. One of those individuals then pinged in the 600 block of P St., NW, between 6:00 p.m. and 7:00 p.m. Police went to that location and located a black Audi that appeared consistent with the Audi used in the shooting (for example, the Audi that police observed and the Audi used in the shooting both had a paper tag in the windshield).

At about 8:45 p.m., the black Audi pulled off. Officers tried to conduct a traffic stop, but the Audi fled. In the course of fleeing, it ran multiple red lights and almost struck a bicyclist and a woman walking her dog. The Audi crashed into a tree at Vermont Ave. and O St., NW. The defendant—the sole occupant of the vehicle—got out of the driver's seat and fled on foot. He was chased by an MPD sergeant and an MPD officer. During the foot chase, one of the defendant's

---

[1] ShotSpotter detective four shots, while a witness reported they heard approximately five shots.

arms was swinging, while the other held his waistband. The sergeant saw him holding a gun, and both he and the officer yelled at the defendant to drop his gun. The officer, who was closer, eventually took the defendant down.

Soon afterwards, officers found about 20 feet from where the defendant was stopped and along his flightpath a 9mm tan Shadow Systems MR920 ghost gun with 1 round in the chamber and 18 rounds in a 30-round magazine. There were multiple brands of 9mm ammunition in the gun, including one Norma 9mm Lugar round.  Additionally, a NIBIN lead links this gun to the casings found at the scene of the shooting earlier in the day (although additional analysis is required).

In short, this is not a case where the defendant merely happened to be found with a gun. Rather, the defendant was in a car that appears to have been used in a shooting less than six hours after that shooting occurred. Rather than stop for police, he fled, placing his own life and the lives of others at risk. Even after he crashed, he kept running from police while in possession of a firearm. And that firearm appears to have been used in the shooting. Detention is therefore warranted.

### B.      Weight of the Evidence Against the Defendant

The second factor for the Court's consideration, the weight of the evidence, clearly weighs in favor of detention. The evidence against the defendant is strong. The gun in this case was found along the defendant's flight path. He was seen with a gun while he was running. But these are not the only links between the defendant and the gun; rather, the defendant was the sole occupant of the vehicle that appears to have been used in a shooting hours earlier, and it appears that the gun was used in that same shooting. This makes it far less likely that the gun just happened to be along

4

his flight path and far more likely that the gun was in his possession.

### C.      The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, weigh heavily in favor of his detention. The defendant has a troubling criminal history. Most recently, he pled guilty in D.C. Superior Court case 2016-CF3-008250 to Robbery and Attempted Robbery. According to the proffer of facts filed in that case, with which he agreed as part of his plea, three individuals—one of whom had a gun—robbed two individuals (who appeared to be under the influence of alcohol) outside of a 7-11 and fled in a vehicle. One of the victims reported being hit in the back during the robbery. The defendant's GPS placed him within feet of the robbery at the time it occurred. The defendant was ID'ed as the driver of the suspect vehicle. A search of the defendant's house revealed one of the items taken during the robbery and a pistol.  The defendant also has two adult firearm convictions (2013-CF2-008041 and 2012-CF2-000197), thus making the instant case at least the fourth time that the defendant has been charged in a case involving a firearm. Further, the defendant has two convictions for misdemeanor Contempt (2011-CMD-007804 and 2011-CMD-014842); according to the complaints filed in those cases, the defendant violated court-imposed Stay Away orders.

The defendant's history on supervision poor. He was on Supervised Release in his CF3 case at the time of the instant offense. Worse, his Supervised Release had already been revoked in that case and in his two CF2 cases. This history—along with his two Contempt convictions for violating court orders—suggest that no condition or combination of conditions will protect the community.

Finally, his effort to flee in the instant case shows a continued disregard for supervision

5

and the law; show he cannot abide by conditions of release; and is a flight risk.

### D.       Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The fact that the defendant continuously chooses to arm himself with firearms and is willing to risk his own life and the lives of others to avoid contact with law enforcement show that he is a danger to the community.

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure that the defendant will comply with court orders, abide by appropriate release conditions, or return to court.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar 481052

By:    */s/ Solomon S. Eppel*
SOLOMON S. EPPEL
Assistant United States Attorney
D.C. Bar No. 1046323
601 D St., N.W.
Washington, D.C. 20001
(202) 252-6661
solomon.eppel@usdoj.gov

6